J. L. SMITH, *as Sheriff of Reno County*, v. DEERE, MANSUR & CO.

WRITTEN CONTRACT, *Parol Evidence to Alter.* Parol evidence of what was said or done before and at the time of making a written contract is not admissible to alter, vary or contradict the express terms of the written contract.

*Error from Reno District Court.*

THE opinion states the case.

*McKinstry & Wise,* and *Davidson & Williams,* for plaintiff in error.

*Whiteside & Gleason,* for defendants in error.

Opinion by SIMPSON, C.: Deere, Mansur & Co. commenced this action in replevin to recover the possession of certain personal property which was held by J. L. Smith, sheriff of Reno county, under certain orders of attachment sued out by the creditors of Ballinger Bros., dealers in farm implements, wagons, buggies, etc. The case was tried by a jury. No special findings were made, but a general verdict returned in favor of Deere, Mansur & Co. Motion for a new trial was made and overruled, and the sheriff brings the case here for review.

The controlling question is, whether certain written con-

tracts about buggies, wagons, plows and other agricultural implements were contracts of absolute sale, or of sales on commission. Ballinger Bros. were local traders in such implements. Deere, Mansur & Co. were manufacturers or wholesale dealers from whom Ballinger Bros. purchased or had for sale on commission such wagons, buggies, plows, and other implements. As to two of these written contracts, the parties were allowed to offer proof of their understanding of their terms, and of their custom and actions in regard to them as contracts for the sale of the articles specified in them as commission sales, and about these two there is but little contention. The fight clusters about the contract for plows principally, dated November 1, 1886. This contract was made by Ballinger Bros. with Anderson, a traveling agent of Deere, Mansur & Co., but was subject to the approval of Deere, Mansur & Co. They refused to approve it, but in subsequent conversations with Ballinger at Kansas City, by the general manager, Fuller, and at Hutchinson, by Anderson, the contract was amended or added to, by providing that farmers' notes should be turned over by Ballinger Bros. as collateral security for all goods covered by the contract as they are sold. This contract, when thus amended, was approved by Deere, Mansur & Co., but on the trial they were permitted to prove, over the objections of the plaintiff in error, that there was a contemporaneous verbal contract that all goods were to be sold on commission by Ballinger Bros., and that title to the goods was to remain in Deere, Mansur & Co. until they were paid for.

We think that the admission of such parol evidence, tending as it does to alter and vary the terms of the written contract, was prejudicial error. It is true that there is some evidence tending to show that in the June following there was a settlement between Deere, Mansur & Co. and Ballinger Bros., in which Ballinger Bros. were credited with the goods on hand at the time of the settlement, and that thereafter they were held subject to their order, but we cannot say that this controlled the jury, in view of the admission of the

27 — 48 KAS.

parol evidence complained of. It seems that this violation of a well-settled rule of evidence, "that what was said before and at the time of making a written contract are not admissible," requires a reversal of this judgment, no matter how liberal this and other courts of final resort may be in their views regarding the setting aside of written contracts by subsequent parol agreements.

We recommend that the judgment be reversed, and a new trial granted.

By the Court: It is so ordered.

All the Justices concurring.